IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**KEITHERN WAYNE ADDAIR,**
**Claimant Below, Petitioner**

**vs.) No. 22-ICA-254**      (BOR Appeal No. 2058370)
                            (JCN: 2022006074)

**APPALACHIAN LEASING, INC.,**
**Employer Below, Respondent**

**FILED**
**April 10, 2023**

EDYTHE NASH GAISER, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Keithern Addair appeals the October 19, 2022, order of the Workers' Compensation Board of Review ("Board"). Respondent Appalachian Leasing, Inc. ("Appalachian") filed a timely response.[1] Petitioner did not file a reply. The issue on appeal is whether the Board erred in affirming the Workers' Compensation Office of Judges' ("OOJ") June 2, 2022, decision denying Mr. Addair's occupational pneumoconiosis ("OP") claim as time barred.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds that there is error in the lower tribunal's decision but no substantial question of law. For the reasons set forth below, the Board's decision is vacated, and this case is remanded for further proceedings consistent with this decision.

Mr. Addair, a former coal miner, worked for more than forty years with exposure to hazardous dust. The appendix record reflects that in a prior claim the OP Board issued a finding dated September 1, 1998, that there was sufficient evidence to justify a diagnosis of OP with no pulmonary function impairment attributable to the disease. The date of last exposure was determined to be January 31, 1997. Mr. Addair, who was fifty-one years old at the time, was awarded a 5% permanent partial disability ("PPD") award under that claim. For claimants whose awards were granted before July 1, 2003, West Virginia Code § 23-4-6a (1995) provided that a claimant who received a diagnosis of OP, but who had no measurable pulmonary impairment attributable to an occupational lung disease, would be granted a 5% award. Entitlement to such a 5% award for a diagnosis of OP without

---

[1] Petitioner is represented by Reginald D. Henry, Esq. and Lori J. Withrow, Esq. Respondent is represented by Daniel G. Murdock, Esq.

impairment was eliminated by amendments to West Virginia Code § 23-4-6a (2003), effective July 1, 2003. *See Wampler Foods, Inc. v. Workers' Comp. Div.*, 216 W. Va. 129, 140, 602 S.E.2d 805, 816 (2004).

In 2003, Mr. Addair filed another OP claim with a date of last exposure of March 31, 2003. By order dated November 25, 2003, the claim administrator held that claim compensable on a non-medical basis subject to the presumption that any chronic respiratory disability resulted from employment. The OP Board findings dated December 11, 2003, found that Mr. Addair had changes from the previous September 1, 1998, study consistent with a minimal degree of OP, and it was again found that there was sufficient evidence to justify a diagnosis of OP with no more than 5% pulmonary functional impairment attributable to the disease previously found in the prior claim. By order dated January 12, 2004, the claim administrator awarded no additional PPD as the OP Board findings of December 11, 2003, indicated Mr. Addair had been fully compensated by the prior 5% award.

In October of 2013, Mr. Addair filed another OP claim stating May 27, 2013, as the date of last exposure. Dan Doyle, M.D., completed a physician's report for OP dated September 26, 2013. Dr. Doyle diagnosed shortness of breath and noted that Mr. Addair had suffered from OP since 1998, and that his capacity for work was impaired by OP to a moderately severe extent. By order dated February 4, 2014, the claim administrator held the claim compensable on a non-medical basis, and Mr. Addair was referred to the OP Board for examination. The OP Board issued a report dated August 14, 2014, indicating that at the time of the exam, Mr. Addair was sixty-seven years old, had a thirty-eight-year history as an underground miner and a four-year history as a surface miner for a total of forty-two years of occupational dust hazard exposure sufficient to have caused OP. Pulmonary function studies conducted at the time of the exam failed to reveal additional impairment and x-rays showed mild nodular fibrosis consistent with OP. By order of the claim administrator dated October 10, 2014, Mr. Addair was granted no increase in PPD beyond what was previously awarded. Mr. Addair protested that decision, and the OOJ affirmed it in a decision dated June 21, 2016.

On May 16, 2017, Mr. Addair was seen at New River Health by Abdul M. Mirza, M.D., and had x-rays taken on August 20, 2017. Several years later, in 2021, Mr. Addair testified at deposition that Dr. Mirza diagnosed him with an impairment due to his OP on May 16, 2017. Mr. Addair testified that he and Dr. Mirza completed a "Claim Reopening Application for PPD" form during that office visit, but that the application was never filed. Mr. Addair testified that he did not know what happened to the application, but that he was told it was sent from New River Health to either his employer or the claim administrator. He testified that it was his objective to be reevaluated by the OP Board.

On June 4, 2018, Mr. Addair underwent a pulmonary function study at Pulmonary Associates of Charleston, PLLC, where the diffusion studies showed his impairment was

in excess of 10%, based on a diffusing capacity of the lung for carbon monoxide ("DLCO") of 66%. Mr. Addair returned to this practice on December 13, 2018, for a follow-up visit regarding obstructive sleep apnea, OP, and a lung nodule and was advised to continue on his present medications.

On January 9, 2020, Mr. Addair completed a reopening application for PPD benefits in the 2013 claim. The physician's portion of the application was completed by Dr. Mirza who noted that Mr. Addair complained of worsening dyspnea, especially on lifting or exertion, and worsened wheezing and cough. In the form Dr. Mirza opined that Mr. Addair should be entitled to an approximately 15% PPD award for OP based on his evaluation and pulmonary function studies completed that day.

The claim administrator issued an order dated March 17, 2020, denying the petition to reopen the claim for being untimely filed pursuant to West Virginia Code § 23-4-16(a)(2) (2005), which provides that in any claim in which a PPD award was made, a claimant can only file two requests to reopen or modify the award and they must be filed within five years of the original award. Since the award in this claim was made October 10, 2014, (finding no additional impairment), the claim administrator argued that Mr. Addair was barred from reopening the claim after October 10, 2019. Mr. Addair protested. The OOJ affirmed the denial by decision dated March 22, 2021. Mr. Addair filed a motion for reconsideration, which was granted. The OOJ then issued a Reconsidered Decision dated July 1, 2021, which again affirmed the claim administrator's denial on the basis that the reopening was untimely filed because it was not filed within five years of the award issued on October 10, 2014.[2] The OOJ's final decision also concluded that because the matter involved a petition to reopen a claim rather than the filing of a new claim, the holdings regarding the time limitations on filing from *Pennington v. West Virginia Office of the Insurance Commissioner,* 241 W. Va. 180, 820 S.E.2d 626 (2018) did not apply.

Mr. Addair thereafter filed the instant claim with a date of last exposure of May 27, 2013, and submitted an Employee's Report of OP dated July 18, 2021. He reported that he was retired, and that he had chest x-rays, blood gas analyses, and breathing studies at New River Health on August 20, 2013, and October 8, 2020. Dr. Doyle completed the physician's portion of the form on July 19, 2021. Dr. Doyle's findings were based on his July 19, 2021, examination of Mr. Addair from which he diagnosed OP with impairment. Dr. Doyle marked "yes" when asked if Mr. Addair's capacity for work had been impaired by OP, and when asked "to what extent?" he wrote, "mild." By order dated August 4, 2021,

---

[2] The Reconsidered Decision addressed an error in the original decision that Mr. Addair previously was awarded two separate 5% PPD awards for a total of 10%, when, in fact, he only had been awarded 5% in 1998. The Reconsidered Decision did not correct the misstatement in the original decision that Mr. Addair's 5% award was for an impairment due to occupational exposure, rather than for occupational exposure without impairment.

the claim administrator rejected this claim, stating that the date of last exposure was May 21, 2013, and that the claim must be denied under West Virginia Code § 23-4-15(b) (2010) for not being filed within three years of either the date of last exposure or the date on which a physician first diagnosed impairment resulting from OP. Again, Mr. Addair protested.

Mr. Addair's deposition was taken on November 8, 2021. As referenced above, Mr. Addair testified that Dr. Mirza had diagnosed him with impairment due to OP on May 16, 2017, and he also stated that he was advised he had pulmonary impairment due to OP around 2011 or 2012. However, on March 25, 2022, Mr. Addair submitted an affidavit recanting this testimony. He stated that his deposition was taken by telephone, and because he has significant hearing impairment, he has difficulty understanding speech when he is not facing the speaker. He also stated that he experienced a head injury in 2020 that affected his memory. He stated that he answered truthfully during his deposition, but when he reviewed the transcript, he realized some of the answers he provided were incorrect. He conflated a doctor diagnosing him with pneumoconiosis with being told he had pulmonary impairment due to OP. The affidavit stated that Mr. Addair believed that a physician first told him he had pulmonary impairment from his OP on January 9, 2020, when he saw Dr. Mirza at New River Health.

By decision dated June 2, 2022, the OOJ found that Mr. Addair's most recent claim was time barred under the statute because it was not filed within three years from the date of his last continuous exposure to hazardous dust, as he retired from work in 2013. The OOJ further found that Mr. Addair was not entirely naïve to the process of filing for and being awarded OP benefits, as he had filed several claims and received a 5% PPD award in the past.[3] The OOJ found that Mr. Addair had abundant knowledge of his OP diagnosis, and therefore could not claim he did not have the requisite knowledge to rely on the second time limitation under West Virginia Code § 23-4-15(b).

By order dated October 19, 2022, the Board affirmed the OOJ's decision. The Board corrected multiple factual errors in the OOJ's decision,[4] declined to adopt certain portions of the OOJ's decision,[5] and distinguished the *Pennington* case cited by Mr. Addair in his

---

[3] It is clear from the June 2, 2022, order that the OOJ persisted in the misunderstanding that Mr. Addair had received another 5% award at some point, for a total of 10%, and that Mr. Addair must have had a functional impairment diagnosis. Although this was corrected in the previous Reconsidered Decision, the error resurfaced in this order.

[4] This includes, but is not limited to, the incorrect reference to a prior 10% PPD award.

[5] The Board declined to adopt the first paragraph in the Conclusions of Law section of the OOJ decision, which incorrectly recited the pertinent language of West Virginia Code § 23-4-15(b) as, "within three years from the date when occupational pneumoconiosis

4

appeal. The Board noted that syllabus point 2 of *Pennington* states, "[w]here a claim for occupational pneumoconiosis benefits has been denied, a new application may be filed, in cases not involving the death of the claimant, based on the same date of last exposure as the prior claim, if filed [within specific time limitations]." *Pennington*, 241 W. Va. at 181, 820 S.E.2d 626, syl. pt. 2. The Board observed that because Mr. Addair's prior claim was not denied and he had been granted a prior 5% PPD award, *Pennington* did not support his assertion that a new claim was timely filed. It is from this order that Mr. Addair now appeals.

The standard of review applicable to this Court's consideration of workers' compensation appeals has been set out under West Virginia Code § 23-5-12a(b) (2022), as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:
> (1)     In violation of statutory provisions;
> (2)     In excess of the statutory authority or jurisdiction of the Board of Review;
> (3)     Made upon unlawful procedures;
> (4)     Affected by other error of law;
> (5)     Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
> (6)     Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

*Duff v. Kanawha Cnty. Comm'n*, __ W. Va. __, __, 882 S.E.2d 916, 921 (Ct. App. 2022).

On appeal, Mr. Addair argues that the denial was clearly wrong because the statute provides two different time limitations regarding the filing of an application for OP benefits: either within three years from and after the last date of exposure, or within three years from and after the date "a diagnosed impairment due to occupational pneumoconiosis

---

was made known to him by a physician, or when he should have reasonably known of the existence of the disease." The Board did not replace or adopt the correct passage from the statute, which is, "within three years from and after a diagnosed impairment due to occupational pneumoconiosis was made known to the clamant by a physician…" Furthermore, the Board did not modify or correct the incorrect recitation of the same language on pages 8 and 9 of the OOJ decision in the Compensability section.

was made known to the employee by a physician." W. Va. Code § 23-4-15(b). Here, Mr. Addair argues that this claim was submitted within the second time limit. He submitted an affidavit stating that he was not told of a diagnosed impairment due to OP until January 2020, even though he had been diagnosed with OP for many years. He further argues that his prior 5% award was specifically awarded to him for a diagnosis of OP with no pulmonary impairment, and although he filed other claims, his PPD award was never increased beyond 5% because he never met the criteria for OP with functional impairment.

In response, Appalachian argues that the evidence shows that Mr. Addair was advised of his pulmonary impairment more than three years prior to filing the instant claim, and as such, the Board correctly affirmed the denial on the basis that the claim was time barred. Appalachian points to Mr. Addair's deposition testimony that he was first advised of impairment due to OP sometime around 2011 or 2012, and that he was later told of an impairment by Dr. Mirza in May 2017 when he intended to file an application for reopening of a claim in order to seek another evaluation by the OP Board. Appalachian asserts that it is simply not plausible that Mr. Addair did not understand in 2017 that Dr. Mirza had diagnosed him with an impairment due to his OP, more than three years before he filed the instant claim.

Upon our review, we find clear error in the Board's order. First, the Board affirmed the OOJ's decision which was premised upon a faulty recitation of the pertinent law. The OOJ misrepresented the standard of West Virginia Code § 23-4-15(b) as whether Mr. Addair had filed his claim within three years from the time he knew or reasonably should have known of his OP diagnosis, rather than three years from the time he was made aware of a diagnosed impairment due to OP. The Board's order declined to adopt that misstated standard as it was cited in one paragraph of the OOJ's decision, but did not modify or otherwise correct the mistake where it appeared elsewhere, thus rendering the Board's order facially incorrect.

Furthermore, the Board's order did not address or correct the factual errors in the OOJ's decision regarding the incorrect inference that Mr. Addair's 5% PPD award was granted to him on the basis of receiving a diagnosed impairment, which could be inappropriately used to impute knowledge to Mr. Addair of a diagnosed impairment that would affect the timeliness of a filed claim. It is clear from the record that Mr. Addair's 5% award was not awarded on the basis of any functional impairment.

For these reasons, we vacate the Board's October 19, 2022, order and remand this claim for further proceedings to allow the Board to apply the correct legal standard to the correct factual predicate.

Vacated and Remanded with Directions.

**ISSUED:** April 10, 2023

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Thomas E. Scarr
Judge Charles O. Lorensen